```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

SAMMY JAMES DOUSE,

                  Plaintiff,

vs.                                    Case No.  2:04-cv-64-FtM-29DNF

F. HANSEN, J.R. POCCIA, T. BELFIRELD,
T. CANNON,

                  Defendants.
_____/
```

### OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #30) filed May 12, 2005 on behalf of Defendants Hansen, Poccia, Belfireld and Cannon (hereinafter "Defendants' Motion"). Plaintiff, after being granted an extension of time, filed a Response in Opposition to Defendants' Motion (Doc. #33).

Plaintiff, proceeding *pro se* and while a prisoner, filed a civil rights complaint form pursuant to 42 U.S.C. §1983 (hereinafter "Complaint," Doc. #1) in which he alleges violations of the Eighth Amendment while he was incarcerated in Charlotte Correctional Institute. Specifically, Plaintiff alleges that on August 25, 2003 he was subjected to verbal abuse and an unjustified and excessive use of force with chemical weapons by Defendants. Defendants seek dismissal of Plaintiff's Complaint on the grounds that Plaintiff failed to fully exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PRLA"). In the alternative, Defendants assert that they are entitled to qualified immunity.

Defendants maintain that Plaintiff failed to file a timely grievance with the Department of Corrections regarding the August 25, 2003 incident.  Defendants point to the grievance attached to Plaintiff's Complaint and note that it was filed almost three months after the alleged incident, in excess of the regulated 15 day time limitation.  See F.A.C. §33-103.011(1)(B).  Plaintiff does not dispute that he did not file a timely grievance, but instead argues that "prison official[s] would have retaliated against him" if he had utilized his administrative remedies. Plaintiff's Response, page 4.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. **No action shall be brought** with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail**, prison, or other correctional facility **until such administrative remedies as are available are exhausted**.

42 U.S.C. § 1997e(a)(emphasis added).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).  The Court should enforce this requirement *sua sponte*. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).  Moreover, in Porter v. Nussle, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. See also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005) the Eleventh Circuit noting the "policies favoring exhaustion" held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Thus, because exhaustion is a **pre-condition** to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, and because Plaintiff did not timely pursue and thus cannot

exhaust his administrative remedies with respect to his claims, the Court must dismiss Plaintiff's Complaint.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #30) is **GRANTED,** to the extent that this case is **DISMISSED WITHOUT PREJUDICE**[1].

2. The Clerk of the Court shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any pending motions; and, (3) shall close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __12th__ day of October, 2005.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

---

[1] The Court finds that the exhaustion requirement set forth in the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), is not applicable to suits filed by inmates subsequent to their release from prison. Although the Eleventh Circuit has not specifically addressed whether §1997e(a) applies to suits brought by former inmates after their release from prison, the Court in Harris v. Garner, 216 F.3d 970, 979-80 (11th Cir. 2000), held that the limitation on recovery set forth in §1997e(e) did not apply to suits brought by former inmates subsequent to their release. Additionally, the Court finds persuasive holding by other circuits who have found the exhaustion provision not applicable to suits filed after an inmate is released. See Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000); and Greig v. Goord, 169 F.3d 165, 167 (2nd Cir. 1999). Consequently, depending upon Plaintiff's date of release, of which the Court is unaware, Plaintiff may be able to re-file his claim after his release if not otherwise barred by the applicable statute of limitations.